UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                          |
|------------------------------|---|--------------------------|
| ISAIAS RODRIGUEZ,            | ) |                          |
| Plaintiff,                   | ) | Civil No.                |
|                              | ) | 11-40005-FDS             |
| v.                           | ) |                          |
| WILLIAM M BENNETT, et al.,   | ) |                          |
| Defendants.                  | ) |                          |

## MEMORANDUM AND ORDER

**SAYLOR, J.**

For the reasons stated below, the Court (1) grants the plaintiff's motion for leave to proceed *in forma pauperis*; (2) grants the plaintiff's motion to add exhibits to his complaint; and (3) directs the plaintiff to show cause why this action should not be dismissed.

## I.  Background

Isaias Rodriguezis a prisoner at the North Central Correctional Institute at Gardner, Massachusetts.  He has filed a complaint asserting claims under 42 U.S.C. §§ 1981, 1983, and 1985 arising from his 2002 state court conviction for rape of his adopted daughter.  Rodriguez contends that he is innocent, and that the defendants—prosecutors, defense attorneys, his former wife, the victim, the victim's boyfriend, and others—acted independently and in concert to convict him wrongfully.  Public records indicate that he has filed at least three motions for a new trial, all of which have been unsuccessful.  *See Commonwealth v. Rodriguez*, 78 Mass. App. Ct. 1108

(2010).[1]

With the complaint, Rodriguez filed a motion for leave to proceed *in forma pauperis*. He later filed a motion for the Court to take judicial notice of three letters concerning his attempts in 2010 and 2011 to obtain documents from Palmer Police Department and the Hampden County District Attorney concerning the prosecution against the plaintiff. Rodriguez asks that, in the alternative, he be permitted to add the documents as exhibits to the complaint.

## II. Analysis

### A. The Motion to Proceed *In Forma Pauperis*

Upon review of plaintiff's motion for leave to proceed *in forma pauperis* and the accompanying prison account statement, the Court concludes that he lacks fund to prepay the filing fee. The Court will therefore grant the motion. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $23.52. The remainder of the fee, $326.48, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

### B. Screening of the Action

#### 1. Court's Authority to Screen the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses shall not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal

---

[1] *See Rodi v. Southern New England Sch. of Law*, 389 F.3d 5, 19 (1st Cir. 2004) (explaining that courts may take judicial notice of proceedings in other relevant cases).

courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In conducting this review, the Court will liberally construe the complaint because the plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### 2. The "Favorable Termination" Rule

Plaintiff has failed to state a claim upon which relief can be granted. The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment[,] . . . a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This "favorable termination" rule applies not only where the plaintiff expressly states that his conviction or sentence is invalid, but wherever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.

Here, plaintiff contends that he was wrongfully convicted as a result of the defendants' misconduct. It is clear from his complaint and exhibits that his conviction has not been overturned or otherwise invalidated. Because success on plaintiff's claims would imply the invalidity of his conviction, the lawsuit is barred under the rule of *Heck*.[2]

---

[2] The Court observes that, for similar reasons, plaintiff has not stated a state tort law claim for malicious prosecution. To plead a malicious prosecution claim under Massachusetts law, a plaintiff must allege, among other things, that "the proceedings were terminated in the accused's favor." *Limone v. United States*, 579 F.3d 79, 89 (1st Cir. 2009) (citing *Correllas v. Viveiros*, 410 Mass. 314, 318 (1991). Here, the proceedings in question were not terminated in plaintiff's favor.

3

### 3. **Prosecutorial Immunity**

The doctrine of prosecutorial immunity also bars plaintiff's claims against the prosecutors. Prosecutors are entitled to absolute immunity for claims arising out of conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial conduct protected by absolute immunity includes the initiation of a prosecution, the presentation of the State's case, and even the knowing use of false testimony at trial. *See Imbler*, 424 U.S. at 430-31. A prosecutor's alleged failure to investigate properly before initiating a prosecution is also conduct within the scope of absolute immunity. *See Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003); *Schrob v. Catterson*, 948 F.2d 1402, 1411 (3d Cir. 1992); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989).

### 4. **Claims Against Private Individuals Under 42 U.S.C. § 1983**

Plaintiff's claims under 42 U.S.C. § 1983 against his former attorneys and other private individuals also fail because he has not alleged facts from which the Court may reasonably infer that they were governmental actors. "A section 1983 violation occurs when an official acting *under color of state law* acts to deprive an individual of a federally protected right." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (emphasis added); *see also* 42 U.S.C. § 1983. Although § 1983 ordinarily does not create a right of action against private parties, private conduct may be deemed to be "under color of state law" when it is "fairly attributable" to the state. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Private conduct may be

attributable to the state when a private party conspires with a state actor. *See Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970). However, the allegations that the private individuals conspired with the prosecutors are conclusory, and the Court is not required to credit these allegations. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (plaintiff's obligation under Fed. R. Civ. P. 8(a) to provide the grounds of his claim "requires more than labels and conclusions"); *see also Tapp v. Champagne*, 164 Fed. Appx. 106, 108 (2d Cir. 2006) (conclusory statement that public defenders conspired with judges and district attorneys to effect a malicious prosecution was insufficient "even at the pleadings stage" to establish that public defenders were acting under color of state law); *Dye v. Radcliff*, 174 Fed. Appx. 480, 483 & n.1 (11th Cir. 2006) (private individual who told law enforcement officers that the wanted to press charges against plaintiff was not a "state actor" within the meaning of § 1983, despite plaintiff's allegations that private individual had conspired with the officers); *Dallas v. Holmes*, 137 Fed. Appx. 746, 752 (6th Cir. 2005) (*per curiam*) (upholding dismissal under 28 U.S.C. § 1915(e)(2)(B) of claims under § 1983 that private individuals conspired with law enforcement to perpetrate malicious prosecution: "Other than general allegations of conspiracy to cause and influence a wrongful criminal prosecution, Plaintiffs make no allegations of joint, concerted activity to deprive [a plaintiff] of his civil rights."); *Flores v. Levy*, 2008 WL 4394681, at *9 (E.D.N.Y Sept. 23, 2008) (dismissing § 1983 claim against private party who allegedly committed perjury during grand jury and trial testimony; plaintiff had not alleged that private party was a "state actor" because allegations of perjury and the prosecutor's failure to correct the testimony was "insufficient to support a conspiracy claim").

### III. Conclusion

For the foregoing reasons, it is hereby ordered that:

1. The motion for leave to proceed *in forma pauperis* is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $23.52. The remainder of the fee, $326.48, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the treasurer of the institution having custody of the plaintiff.

2. The motion for judicial notice, or in the alternative, to add exhibits is GRANTED to the extent that the plaintiff seeks to add exhibits to the complaint.

3. If the plaintiff seeks to proceed with this action, he must, within 42 days of the date of this memorandum and order, show good cause in writing why this action should not be dismissed for failure to state a claim upon which relief can be granted.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: May 18, 2011